**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 11 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WENDEL R. WARDELL, JR.,

      Plaintiff - Appellant,

  v.

LIZ RYDEN, Deputy Sheriff, in her official and individual capacities; LARIMER COUNTY, Board of County Commissioners, in their official capacity; LARIMER COUNTY SHERIFF'S DEPARTMENT; RICHARD E. SHOCKLEY, Sheriff, in his individual and official capacity; DOUG SMELTZ, Deputy Sheriff, individually and in this official capacity; SCOTT PHOEBUS, Deputy Sheriff, individually and in his official capacity; AL WONCH, Deputy Sheriff, individually and in his official capacity; SANDY CRENSHAW, individually and in her official capacity; SHIRLEY HANSON, individually and in her official capacity; LAUREL SILVER, individually and in her official capacity; THOMAS J. FLOWER, M.D., individually and in his official capacity,

      Defendants - Appellees.

No. 98-1042

D. Colorado

(D.C. No. 95-B-634)

---

**ORDER AND JUDGMENT** *

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **ANDERSON** , **KELLY** , and **BRISCOE** , Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34 (a)(2); 10th Cir. R. 34.1(G). This cause is therefore ordered submitted without oral argument.

Wendel R. Wardell, Jr., an inmate at Limon Correctional Facility, appeals the dismissal [1] of his civil rights action, brought pursuant to 42 U.S.C. § 1983, against numerous defendants alleging violations of his rights under the First, Eighth, and Fourteenth Amendments of the Federal Constitution.

The essence of Mr. Wardell's complaint is that on certain occasions he did not receive doses of his anti-inflammatory medication (Naprosyn) to relieve the symptoms of a ruptured disk in his lower back (a condition which was incurred prior to incarceration), and an anti-depressant medication (Pamelor). He alleges that the omissions occurred because he was attending religious services at the time medicines were normally dispensed to the inmates, and certain defendants refused to accommodate him after services concluded. He argues that by not dispensing these medications some of the defendants subjected him to cruel and

_____

[1]Mr. Wardell's action against some defendants was dismissed pursuant to Fed. R. Civ. P. 12(b)(6), and pursuant to Fed. R. Civ. P. 56 as to others.

unusual punishment, violated his rights to practice his religion, and retaliated against him for exercising these rights. He also argues that other defendants failed in their supervisory responsibilities to prevent these violations from happening.

We have carefully examined the lengthy record of these protracted proceedings which began in 1995. We conclude that substantially for the reasons set forth in the recommendations of the United States Magistrate Judge filed August 2, 1995, December 1, 1995, February 22, 1996, April 22, 1996, March 28, 1997, and November 28, 1997, the district court did not err in its orders dated August 21, 1995, February 16, 1996, April 16, 1996, May 6, 1996, April 21, 1997, and, in particular, its judgment filed January 21, 1998, dismissing this case in its entirety. R. Vol. I, Tabs 8, 9, 40, 62, 63, 77, 78, 81, 120, 123, 151, and 155.

AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge